**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
856-795-2181
*Attorneys for Plaintiffs*
By:   Steven J. Bushinsky, Esquire,
        W. Daniel Feehan, Esquire

| | |
|---|---|
| **Trustees of the UFCW Local 152 Health and Welfare Fund for and on behalf of themselves and said Fund, and the Board of Trustees,**<br><br>27 Roland Avenue, Suite 100<br>Mount Laurel, New Jersey 08054<br><br>*Plaintiffs,*<br>vs.<br><br>**Springpoint at Meadow Lakes, Inc,** a/k/a **Meadow Lakes**<br>300 Etra Road<br>East Windsor, New Jersey 08520<br><br>*Defendant(s)* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No.:<br><br><br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1.    The jurisdiction of this court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; and 28 U.S.C. §1331.

2.    This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185 because the

Plaintiff Trust Funds are administered in the State of New Jersey, the breach took place in New Jersey, and Defendant maintained or maintains a principal place of business in the State of New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiff(s), Trustees of the UFCW Local 152 Health and Welfare Fund for and on behalf of themselves and said Fund, and the Board of Trustees, (hereinafter "152 Fund") are a labor-management trust fund organized and operated pursuant to a trust agreement and Collective Bargaining Agreement(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Health Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. § 1002(37).

5. The Fund is authorized to commence this action and to sue in its own name pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The Trustees of the Fund are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A).

7. UFCW Local 152 Health & Welfare Benefit Fund maintains their principal place of business at 27 Roland Avenue, Suite 100, Mount Laurel, New Jersey 08054.

8. Plaintiffs bring this action on behalf of their Trustees, committee members,

participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132; and Section 301 of LMRA, 29 U.S.C. §185.

10. Defendant, Springpoint at Meadow Lakes, Inc., a/k/a Meadow Lakes (hereinafter referred to as "Meadow Lakes") or "defendant" or "employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively.

11. Upon information and belief, Defendant maintains their principal place of business at 300 Etra Road, East Windsor, New Jersey 08520.

## COUNT ONE

12. The Funds incorporate the allegations in paragraphs 1-11 of this Complaint as though set forth herein in their entirety.

13. The Collective Bargaining Agreement in effect between Meadow Lakes and the UFCW Union Local 152 requires that certain contributions be made to the Local 152 Funds on behalf of the employees of Defendant.

14. Defendant has failed to remit and/or has only remitted a portion of the required contributions to the Funds for the benefit of its employees including, but not limited to, the period of March 2018 through August 2018 for the UFCW Local 152 Health & Welfare Fund.

15. Additionally, a payroll audit was conducted for the plan year 2014 for the Local 152 Health and Welfare Fund and Fringe Benefit delinquency was discovered.

16. Another payroll audit was conducted for the plan year 2015 for the Local

152 Health and Welfare Fund and a Fringe Benefit delinquency was discovered.

17. Payment of the delinquencies enumerated herein has been demanded by the Plaintiffs on several occasions and Defendant Meadow Lakes has failed to remit the required contributions.

18. The failure of Meadow Lakes to pay the required contributions constitutes a prohibited transaction as described in Section 406(a)(1)(B) of ERISA, 29 U.S.C.§1106(a)(1)(B).

19. Meadow Lakes failure to pay the delinquencies enumerated is violative of Section 515 of ERISA, 29 U.S.C. §1145.

20. This action is brought by the fiduciaries of the Funds pursuant to Sections 502(g)(2) and 505 of ERISA, 29 U.S.C. §1132(g)(2) and §1145, pursuant to which the Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding 20 percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(A) Order Defendant Meadow Lakes to pay contributions due and owing to Plaintiff Funds for all periods outstanding.

(B) Order Defendant Meadow Lakes to pay interest on the delinquent contributions at the rate provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(C) Order Defendant Meadow Lakes to pay liquidated damages as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(D) Order Defendant Meadow Lakes to specifically perform all obligations to the Plaintiff Funds under the Collective Bargaining Agreement and Memorandum of Agreement.

(E) Order Defendant Meadow Lakes to pay Plaintiffs' counsel's reasonable attorneys' fees incurred in the prosecution of this action as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(F) Order such other and further relief as this Court may deem just and appropriate.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Meadow Lakes jointly, severally or in the alternative, for all contributions owed to Plaintiffs together with lawful interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

O'BRIEN, BELLAND & BUSHINSKY, LLC
Attorneys for Plaintiffs

_____
W. Daniel Feehan, Esquire

Dated: 12/3/18